HENRY WORTHINGTON *v.* JOHN J. MILLER'S ADMR.

[Abstract Kentucky Law Reporter, Vol. 4—252.]

**Incompetency of Evidence.**

Where a suit is brought on a note which is more than ten years overdue and the defense of payment is made, it is incompetent for plaintiff, in his effort to weaken the conclusion that payment had been made that might arise from the long delay in bringing suit to show that he had other notes which he had not sued on although they were many years overdue. Such evidence throws no light on the question of payment and is incompetent.

**Fact of Partnership.**

It is error for the court, in a case where the issue is as to whether persons were partners, to charge the jury that "A single transaction is sufficient to constitute a partnership" without any other explanation; he should have told the jury the character of transactions required to establish the partnership or a joint liability.

APPEAL FROM KENTON CIRCUIT COURT.

September 19, 1882.

OPINION BY JUDGE PRYOR:

This case has been heretofore in this court, and many of the questions now raised or that could have been raised should have been urged on the former appeal. The motion to require the appellee to paragraph his petition or to adopt one or the other causes of action was made on the first hearing, and if the motion should have prevailed the present appellant, although the appellee on the first appeal, could have had the error corrected. As to the sufficiency of the petition, the court in effect determined on the first appeal that the appellee had a cause of action. The judgment below must be reversed, however, on other grounds.

The present appellant (Worthington) was sued as a member of the firm of James Whipps & Co. and sought to be made liable as a partner upon a due bill executed by James Whipps in the name of James Whipps & Co. to the appellee's intestate for a lot of tobacco alleged to have been sold and delivered by the intestate to the firm. The partnership was denied as well as the authority of Whipps to execute any such paper, and further that the debt had been paid. The testimony shows that Miller, to whom the note was given, had been for a number of

years preceding his death in embarrassed circumstances, and that Worthington, the alleged debtor, was a thrifty man and always able to pay.

The due bill was executed in June, 1865, and the present administrator finding it among the papers of the intestate instituted this action upon it in October, 1876, a period of more than ten years from its execution. With a view of rebutting the evidence upon the plea of payment, or to destroy the effect that the pecuniary condition of the parties, connected with the lapse of time since the note fell due, might have on the minds of the jury, the appellee was permitted to show that the intestate had one or two other notes that had matured years before his death and were uncollected at the time of his death. This evidence was incompetent and threw no light upon the question of payment, and must necessarily have involved the inquiry as to why there was such delay in the collection of the notes offered in evidence. While his general conduct as to vigilance in the pursuit of his debtors might perhaps have been warranted to rebut some of the circumstances relied on by appellants as evidences of payment, still the fact of his indulging A & B was no evidence of the fact that he indulged the appellant, and the objection to the introduction of such testimony should have been sustained.

Again, one of the issues was as to the existence of the partnership. It was admitted that Whipps, who gave the note, was authorized to buy tobacco for Worthington for cash, and the effect was to show that Whipps had in fact paid the intestate, and if not that he had no authority to execute the paper, and the appellant was not a member of the firm of James Whipps & Co.

The instruction "F" asked for by the appellees and given, as to what constituted a partnership, was certainly misleading. That Whipps purchased the tobacco of Miller is established, and that he signed the name of James Whipps & Co. to the due bill is not questioned, but whether or not Worthington was a member of such a firm was the principal issue. The jury was told that "A single transaction is sufficient to constitute a partnership," without any other explanation; and while this may be so, the jury should have been told the character of transaction required to establish the partnership or a joint liability,

that is, if these parties, Worthington, Cox and Whipps, were buying and selling tobacco as a firm or jointly and Whipps, one of the firm, purchased the tobacco for which the note was given, they should find for the plaintiff.

We think the appellant should be allowed, if he so desires, to cross-examine the witness Piatt. Objections have been made to the course pursued by counsel for the appellee in making the closing argument, and the substance of the speech of each counsel embodied in the bill of exceptions. It is not to be presumed that counsel will intentionally mistake either the law or the facts of a case in his argument to the jury, and while in the display of advocacy he may make such a presentation of the testimony as to annoy his adversary, it does not indicate a want of professional integrity or call from the bench a rebuke, for what at most is to be regarded as an over-zeal in behalf of his client. Judgment reversed and cause remanded for proceedings consistent with this opinion.

*J. F. & C. H. Fisk, for appellant.*
*Hallam & Perkins, for appellee.*